UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSIMAR FERREIRA CANDIDO, *also known as Josimar Ferreira Miranda*,

    Petitioner,

v.

PAMELA BONDI, *in her official capacity as Attorney General of the United States*, KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security*, STEVEN KURZDORFER, *in his official capacity as Field Office Director, ICE Buffalo Field Office*, JOSEPH FREDEN, *Deputy Field Office Director, Buffalo Field Office, Buffalo Federal Detention Facility*,

    Respondents.

25-CV-867 (JLS)

---

## DECISION AND ORDER

Petitioner Josimar Ferreira Candido, a native and citizen of Brazil, commenced this proceeding under 28 U.S.C. § 2241 on September 12, 2025. Dkt. 1. On September 23, 2025, he filed two emergency motions: (1) an emergency motion to enforce the Court's jurisdiction or, in the alternative, order to show cause regarding contempt (Dkt. 11); and (2) an emergency notice of transfer in bad faith and request to add current custodian as respondent (Dkt. 12). Then, on October 3, 2025, he moved for a temporary restraining order and a preliminary injunction ("TRO/PI"). Dkt. 17. Generally, each emergency motion challenges Respondents' transfer of Petitioner between detention facilities.

In particular, the motion to enforce the Court's jurisdiction or, in the alternative, show cause regarding contempt seeks to: (1) confirm that the Court has jurisdiction over this action, notwithstanding Petitioner's transfer out of the district; (2) enjoin Respondents from transferring Petitioner out of the district without court permission; (3) require Respondents to return Petitioner to this district; and (4) require Respondents to show cause why they should not be held in contempt for transferring Petitioner. See Dkt. 11, at 6. The notice of transfer in bad faith and request to add current custodian seeks overlapping relief—specifically, confirming the Court's jurisdiction over this action, prohibiting Petitioner's transfer during these proceedings, and directing Respondents to return Petitioner to this district. See Dkt. 12, at 3–4. It also seeks to add the warden of Petitioner's current detention facility, Winn Correctional Facility in Louisiana, as a Respondent in this action. See id. at 3.

The TRO/PI motion, too, seeks an order that Respondents return Petitioner to this district and enjoining Respondents from transferring Petitioner out of this district without a court order. See Dkt. 17, at 6. It also seeks an order enjoining Respondents from removing Petitioner from the United States. Id. Respondents opposed the TRO/PI motion. Dkt. 23. They addressed[1] Petitioner's other emergency motions along with their motion to dismiss the petition. Dkt. 19.

For the following reasons, the Court concludes that it has jurisdiction over Petitioner's habeas petition and otherwise denies Petitioner's motions.

---

[1] Respondents agree that the Court retains jurisdiction over this matter, notwithstanding Petitioner's transfer out of the district, and otherwise oppose the emergency motions. See Dkt. 19-1, at 13-14.

## DISCUSSION

I. **Jurisdiction over Habeas Proceeding**

Petitioner asks the Court to confirm that it retains jurisdiction over his habeas petition, notwithstanding his transfer to a facility out of the district. Respondents agree that this Court retains jurisdiction. Dkt. 19-1, at 13.

The Court also agrees that it has jurisdiction because Petitioner was in custody in this district when the petition was filed.[2] Dkt. 1, at 1; Dkt. 11, at 2; *see Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (recognizing that a court acquires jurisdiction over a habeas action if the petitioner "properly name[s] [his] immediate custodian and file[s] in the district of confinement"); *Schiselman v. U.S. Parole Comm'n*, 858 F.2d 1232, 1235 n.3 (7th Cir. 1988) (petitioner's "transfer to a prison outside of this circuit and the accompanying custodial change d[id] not affect [the court's] jurisdiction").

---

[2] Because the Court confirms its jurisdiction over the petition, it does not address Petitioner's request for an order to show cause why Respondents should not be held in contempt. *See* Dkt. 11 (seeking order to show cause as alternative relief).

## II.   Requests to Stay Removal, Enjoin Transfer, and Return Petitioner

Petitioner's TRO/PI motion asks this Court to stay removal and preclude Respondents from transferring him between detention facilities without a court order.

As to the request to stay removal, 8 U.S.C. § 1252(g) provides:

> [N]otwithstanding any other provision of law (statutory or nonstatutory), including any . . . habeas corpus provision . . . , no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien . . . .

8 U.S.C. § 1252(g). The Supreme Court has limited Section 1252(g) to the "three discrete actions that the Attorney General may take" set forth explicitly in the statute: "to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g)) (emphasis omitted).

The Second Circuit has held, based on Section 1252's jurisdiction-stripping provisions that, "district court[s] lack[] jurisdiction over . . . indirect challenge[s] to an order of removal," as well as direct challenges. *Delgado v. Quarantillo*, 643 F.3d 52, 53 (2d Cir. 2011); *see also id.* at 55. The question of whether a lawsuit against immigration authorities challenges a removal order "turn[s] on the substance of the relief" sought. *Id.*

Petitioner asks the Court to enjoin Respondents from removing him from the United States—a clear request to interfere with how Respondents "execute removal orders." *See* 8 U.S.C. § 1252(g). The statute, therefore, bars this Court from issuing such an order.

4

As to the requests related to transfer between detention facilities, the relevant statute provides: "The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1). Courts have recognized that this provision "provides DHS with broad authority to decide where an alien is detained." *Singh v. Whitaker*, 362 F. Supp. 3d 93, 106 (W.D.N.Y. 2019);[3] *see also Dorval v. Barr*, 414 F. Supp. 3d 386, 396 (W.D.N.Y. 2019) (citing Section 1231(g)(1) and concluding that, because the court retained jurisdiction over the habeas petition, there was "no need to interfere with DHS's authority to arrange for appropriate places of detention under 8 U.S.C. § 1231(g)(1)") (citation modified). *Courts* should not be micro-managing this issue.

Moreover, as explained above, any transfer of Petitioner does not affect its jurisdiction over the petition. *See supra* Section I. The Court, therefore, denies Petitioner's requests that Respondents (1) seek court approval before transferring him to a different detention facility, and (2) return him to this district.[4]

In sum, the Court denies Petitioner's TRO/PI motion.

---

[3] The Court recognizes that the *Singh* court has since taken a different approach to the issue. *See Alvarez Ortiz v. Freden*, --- F. Supp. 3d ---, 2025 WL 3085032, at *2 n.3 (W.D.N.Y. Nov. 4, 2025). Nevertheless, this Court agrees with *Singh*.

[4] The Court recognizes that it has jurisdiction over Petitioner's transfer-related requests, *see Ozturk v. Hyde*, 136 F.4th 382, 395–96 (2d Cir. 2025), and has considered them. After doing so, the Court declines to interfere with Respondents' authority to "arrange for appropriate places of detention." *See* 8 U.S.C. § 1231(g)(1).

### III. Request to Add Current Custodian as Respondent

Petitioner asks to add his current custodian, the warden of Winn Correctional Center in Winnfield, Louisiana, as a Respondent in this case. Dkt. 12. Respondents do not address this request. *See* Dkt. 19; Dkt. 23. The Court reserves decision on this issue until Respondents respond. Respondents shall file a letter response on this issue by **November 12, 2025**.

### CONCLUSION

For the reasons stated above, the Court:

- Grants, in part, Dkt. 11, to the extent of confirming that it has jurisdiction over this action, and otherwise denies the motion;

- Denies Dkt. 12, in part, to the extent it requests a bad-faith finding, and reserves decision on the request to add a custodian; and

- Denies Petitioner's TRO/PI motion (Dkt. 17).

Respondents shall file a letter indicating their position on the custodian issue by **November 12, 2025**. The Clerk of Court shall amend the caption to reflect the caption on this decision and order.

SO ORDERED.

Dated:   November 7, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE